JS 44   (Rev. 10/20)

# CIVIL COVER SHEET

The JS 44 civil cover sheet and the information contained herein neither replace nor supplement the filing and service of pleadings or other papers as required by law, except as provided by local rules of court. This form, approved by the Judicial Conference of the United States in September 1974, is required for the use of the Clerk of Court for the purpose of initiating the civil docket sheet. *(SEE INSTRUCTIONS ON NEXT PAGE OF THIS FORM.)*

| I. (a) PLAINTIFFS | DEFENDANTS |
|---|---|
| Alice Swoyer | Thomas Jefferson University |

**(b)** County of Residence of First Listed Plaintiff  Camden County
*(EXCEPT IN U.S. PLAINTIFF CASES)*

County of Residence of First Listed Defendant  Philadelphia County
*(IN U.S. PLAINTIFF CASES ONLY)*
NOTE:  IN LAND CONDEMNATION CASES, USE THE LOCATION OF THE TRACT OF LAND INVOLVED.

**(c)** Attorneys *(Firm Name, Address, and Telephone Number)*
Brian C. Farrell, Esq., Console Mattiacci Law, LLC
1525 Locust St., 9th Fl., Philadelphia, PA 19102 (215) 545-7676

Attorneys *(If Known)*

## II. BASIS OF JURISDICTION *(Place an "X" in One Box Only)*

- ☐ 1  U.S. Government Plaintiff
- ☐ 2  U.S. Government Defendant
- ☒ 3  Federal Question *(U.S. Government Not a Party)*
- ☐ 4  Diversity *(Indicate Citizenship of Parties in Item III)*

## III. CITIZENSHIP OF PRINCIPAL PARTIES *(Place an "X" in One Box for Plaintiff*
*(For Diversity Cases Only)*   *and One Box for Defendant)*

| | PTF | DEF | | PTF | DEF |
|---|---|---|---|---|---|
| Citizen of This State | ☐ 1 | ☐ 1 | Incorporated or Principal Place of Business In This State | ☐ 4 | ☐ 4 |
| Citizen of Another State | ☐ 2 | ☐ 2 | Incorporated and Principal Place of Business In Another State | ☐ 5 | ☐ 5 |
| Citizen or Subject of a Foreign Country | ☐ 3 | ☐ 3 | Foreign Nation | ☐ 6 | ☐ 6 |

## IV. NATURE OF SUIT *(Place an "X" in One Box Only)*

Click here for: Nature of Suit Code Descriptions.

| CONTRACT | TORTS | | FORFEITURE/PENALTY | BANKRUPTCY | OTHER STATUTES |
|---|---|---|---|---|---|
| ☐ 110 Insurance | **PERSONAL INJURY** | **PERSONAL INJURY** | ☐ 625 Drug Related Seizure of Property 21 USC 881 | ☐ 422 Appeal 28 USC 158 | ☐ 375 False Claims Act |
| ☐ 120 Marine | ☐ 310 Airplane | ☐ 365 Personal Injury - Product Liability | ☐ 690 Other | ☐ 423 Withdrawal 28 USC 157 | ☐ 376 Qui Tam (31 USC 3729(a)) |
| ☐ 130 Miller Act | ☐ 315 Airplane Product Liability | ☐ 367 Health Care/ Pharmaceutical | | | ☐ 400 State Reapportionment |
| ☐ 140 Negotiable Instrument | ☐ 320 Assault, Libel & Slander | Personal Injury Product Liability | | **PROPERTY RIGHTS** | ☐ 410 Antitrust |
| ☐ 150 Recovery of Overpayment & Enforcement of Judgment | ☐ 330 Federal Employers' Liability | ☐ 368 Asbestos Personal Injury Product Liability | | ☐ 820 Copyrights | ☐ 430 Banks and Banking |
| ☐ 151 Medicare Act | ☐ 340 Marine | | | ☐ 830 Patent | ☐ 450 Commerce |
| ☐ 152 Recovery of Defaulted Student Loans (Excludes Veterans) | ☐ 345 Marine Product Liability | **PERSONAL PROPERTY** | | ☐ 835 Patent - Abbreviated New Drug Application | ☐ 460 Deportation |
| | ☐ 350 Motor Vehicle | ☐ 370 Other Fraud | **LABOR** | ☐ 840 Trademark | ☐ 470 Racketeer Influenced and Corrupt Organizations |
| ☐ 153 Recovery of Overpayment of Veteran's Benefits | ☐ 355 Motor Vehicle Product Liability | ☐ 371 Truth in Lending | ☐ 710 Fair Labor Standards Act | ☐ 880 Defend Trade Secrets Act of 2016 | ☐ 480 Consumer Credit (15 USC 1681 or 1692) |
| ☐ 160 Stockholders' Suits | ☐ 360 Other Personal Injury | ☐ 380 Other Personal Property Damage | ☐ 720 Labor/Management Relations | | ☐ 485 Telephone Consumer Protection Act |
| ☐ 190 Other Contract | ☐ 362 Personal Injury - Medical Malpractice | ☐ 385 Property Damage Product Liability | ☐ 740 Railway Labor Act | **SOCIAL SECURITY** | ☐ 490 Cable/Sat TV |
| ☐ 195 Contract Product Liability | | | ☐ 751 Family and Medical Leave Act | ☐ 861 HIA (1395ff) | ☐ 850 Securities/Commodities/ Exchange |
| ☐ 196 Franchise | | | ☐ 790 Other Labor Litigation | ☐ 862 Black Lung (923) | ☐ 890 Other Statutory Actions |
| | | | ☐ 791 Employee Retirement Income Security Act | ☐ 863 DIWC/DIWW (405(g)) | ☐ 891 Agricultural Acts |
| **REAL PROPERTY** | **CIVIL RIGHTS** | **PRISONER PETITIONS** | | ☐ 864 SSID Title XVI | ☐ 893 Environmental Matters |
| ☐ 210 Land Condemnation | ☐ 440 Other Civil Rights | **Habeas Corpus:** | | ☐ 865 RSI (405(g)) | ☐ 895 Freedom of Information Act |
| ☐ 220 Foreclosure | ☐ 441 Voting | ☐ 463 Alien Detainee | | | ☐ 896 Arbitration |
| ☐ 230 Rent Lease & Ejectment | ☒ 442 Employment | ☐ 510 Motions to Vacate Sentence | | **FEDERAL TAX SUITS** | ☐ 899 Administrative Procedure Act/Review or Appeal of Agency Decision |
| ☐ 240 Torts to Land | ☐ 443 Housing/ Accommodations | ☐ 530 General | | ☐ 870 Taxes (U.S. Plaintiff or Defendant) | |
| ☐ 245 Tort Product Liability | ☐ 445 Amer. w/Disabilities - Employment | ☐ 535 Death Penalty | **IMMIGRATION** | ☐ 871 IRS—Third Party 26 USC 7609 | ☐ 950 Constitutionality of State Statutes |
| ☐ 290 All Other Real Property | ☐ 446 Amer. w/Disabilities - Other | **Other:** | ☐ 462 Naturalization Application | | |
| | ☐ 448 Education | ☐ 540 Mandamus & Other | ☐ 465 Other Immigration Actions | | |
| | | ☐ 550 Civil Rights | | | |
| | | ☐ 555 Prison Condition | | | |
| | | ☐ 560 Civil Detainee - Conditions of Confinement | | | |

## V. ORIGIN *(Place an "X" in One Box Only)*

- ☒ 1  Original Proceeding
- ☐ 2  Removed from State Court
- ☐ 3  Remanded from Appellate Court
- ☐ 4  Reinstated or Reopened
- ☐ 5  Transferred from Another District *(specify)*
- ☐ 6  Multidistrict Litigation - Transfer
- ☐ 8  Multidistrict Litigation - Direct File

## VI. CAUSE OF ACTION

Cite the U.S. Civil Statute under which you are filing *(Do not cite jurisdictional statutes unless diversity)*:
42 U.S.C. §12101, et seq.

Brief description of cause:
Disability discrimination; retaliation for requesting reasonable accommodations; FMLA retaliation.

## VII. REQUESTED IN COMPLAINT:

☐ CHECK IF THIS IS A **CLASS ACTION** UNDER RULE 23, F.R.Cv.P.

**DEMAND $**
in excess of $75,000

CHECK YES only if demanded in complaint:
**JURY DEMAND:**  ☒ Yes   ☐ No

## VIII. RELATED CASE(S) IF ANY

*(See instructions)*:
JUDGE _____   DOCKET NUMBER _____

DATE
10/19/2021

SIGNATURE OF ATTORNEY OF RECORD

**FOR OFFICE USE ONLY**

RECEIPT # _____   AMOUNT _____   APPLYING IFP _____   JUDGE _____   MAG. JUDGE _____

**IN THE UNITED STATES DISTRICT COURT**
**FOR THE EASTERN DISTRICT OF PENNSYLVANIA**

**CASE MANAGEMENT TRACK DESIGNATION FORM**

| | | |
|---|---|---|
| Alice Swoyer | : | CIVIL ACTION |
| | : | |
| v. | : | |
| | : | |
| Thomas Jefferson University | : | NO. |

In accordance with the Civil Justice Expense and Delay Reduction Plan of this court, counsel for plaintiff shall complete a Case Management Track Designation Form in all civil cases at the time of filing the complaint and serve a copy on all defendants. (See § 1:03 of the plan set forth on the reverse side of this form.) In the event that a defendant does not agree with the plaintiff regarding said designation, that defendant shall, with its first appearance, submit to the clerk of court and serve on the plaintiff and all other parties, a Case Management Track Designation Form specifying the track to which that defendant believes the case should be assigned.

**SELECT ONE OF THE FOLLOWING CASE MANAGEMENT TRACKS:**

(a) Habeas Corpus – Cases brought under 28 U.S.C. § 2241 through § 2255.                    ( )

(b) Social Security – Cases requesting review of a decision of the Secretary of Health and Human Services denying plaintiff Social Security Benefits.                    ( )

(c) Arbitration – Cases required to be designated for arbitration under Local Civil Rule 53.2.   ( )

(d) Asbestos – Cases involving claims for personal injury or property damage from exposure to asbestos.                    ( )

(e) Special Management – Cases that do not fall into tracks (a) through (d) that are commonly referred to as complex and that need special or intense management by the court. (See reverse side of this form for a detailed explanation of special management cases.)                    ( )

(f) Standard Management – Cases that do not fall into any one of the other tracks.          ( X )

| | | |
|---|---|---|
| 10/19/2021 | [signature] | Plaintiff, Alice Swoyer |
| **Date** | **Attorney-at-law** | **Attorney for** |
| 215-545-7676 | 215-405-2900 | farrell@consolelaw.com |
| **Telephone** | **FAX Number** | **E-Mail Address** |

(Civ. 660) 10/02

### DESIGNATION FORM
*(to be used by counsel or pro se plaintiff to indicate the category of the case for the purpose of assignment to the appropriate calendar)*

Address of Plaintiff: _____ Haddonfield, NJ _____

Address of Defendant: _____ Philadelphia, PA 19107 _____

Place of Accident, Incident or Transaction: _____ Philadelphia, PA 19107 _____

---

**RELATED CASE, IF ANY:**

Case Number: _____ Judge: _____ Date Terminated: _____

Civil cases are deemed related when *Yes* is answered to any of the following questions:

1. Is this case related to property included in an earlier numbered suit pending or within one year previously terminated action in this court? — Yes ☐ No ☑

2. Does this case involve the same issue of fact or grow out of the same transaction as a prior suit pending or within one year previously terminated action in this court? — Yes ☐ No ☑

3. Does this case involve the validity or infringement of a patent already in suit or any earlier numbered case pending or within one year previously terminated action of this court? — Yes ☐ No ☑

4. Is this case a second or successive habeas corpus, social security appeal, or pro se civil rights case filed by the same individual? — Yes ☐ No ☑

I certify that, to my knowledge, the within case ☐ is / ☑ is not related to any case now pending or within one year previously terminated action in this court except as noted above.

DATE: 10/19/2021 _____ _____ 319145
*Attorney-at-Law / Pro Se Plaintiff* *Attorney I.D. # (if applicable)*

---

**CIVIL:** (Place a √ in one category only)

**A.** *Federal Question Cases:*

- ☐ 1. Indemnity Contract, Marine Contract, and All Other Contracts
- ☐ 2. FELA
- ☐ 3. Jones Act-Personal Injury
- ☐ 4. Antitrust
- ☐ 5. Patent
- ☐ 6. Labor-Management Relations
- ☑ 7. Civil Rights
- ☐ 8. Habeas Corpus
- ☐ 9. Securities Act(s) Cases
- ☐ 10. Social Security Review Cases
- ☐ 11. All other Federal Question Cases
  *(Please specify):* _____

**B.** *Diversity Jurisdiction Cases:*

- ☐ 1. Insurance Contract and Other Contracts
- ☐ 2. Airplane Personal Injury
- ☐ 3. Assault, Defamation
- ☐ 4. Marine Personal Injury
- ☐ 5. Motor Vehicle Personal Injury
- ☐ 6. Other Personal Injury *(Please specify):* _____
- ☐ 7. Products Liability
- ☐ 8. Products Liability – Asbestos
- ☐ 9. All other Diversity Cases
  *(Please specify):* _____

---

### ARBITRATION CERTIFICATION
*(The effect of this certification is to remove the case from eligibility for arbitration.)*

I, _____ Brian C. Farrell _____, counsel of record *or* pro se plaintiff, do hereby certify:

☒ Pursuant to Local Civil Rule 53.2, § 3(c) (2), that to the best of my knowledge and belief, the damages recoverable in this civil action case exceed the sum of $150,000.00 exclusive of interest and costs:

☒ Relief other than monetary damages is sought.

DATE: 10/19/2021 _____ _____ 319145
*Attorney-at-Law / Pro Se Plaintiff* *Attorney I.D. # (if applicable)*

NOTE: A trial de novo will be a trial by jury only if there has been compliance with F.R.C.P. 38.

Civ. 609 (5/2018)

**IN THE UNITED STATES DISTRICT COURT**
**FOR THE EASTERN DISTRICT OF PENNSYLVANIA**

_____  :
                                 :
**ALICE SWOYER**                 :
                                 :     **C.A. NO.:**
                    **Plaintiff,** :
        **v.**                   :
                                 :     **JURY TRIAL DEMANDED**
                                 :
**THOMAS JEFFERSON UNIVERSITY**  :
                                 :
                    **Defendant.** :
_____  :
                                 :

## COMPLAINT

## I.    PRELIMINARY STATEMENT

Plaintiff Alice Swoyer, through her undersigned counsel, files this Civil Action Complaint against her former employer, Defendant Thomas Jefferson University. Plaintiff asserts disability discrimination and retaliation claims against Defendant under the Americans with Disabilities Act, as amended, 42 U.S.C. §12101, *et seq.*, ("ADA"); the Pennsylvania Human Relations Act, as amended, 43 P.S. §951, *et seq.* ("PHRA"); the Philadelphia Fair Practices Ordinance, as amended, Phila. Code §9-1100, *et seq.* ("PFPO"); and the Family and Medical Leave Act, 29 U.S.C. § 2601 *et seq.* ("FMLA").

Plaintiff seeks all available damages, including economic loss, compensatory damages for emotional distress, liquidated damages, and punitive damages, together with all other relief under applicable federal and state law as this Court deems appropriate.

## II.    PARTIES

1.    Plaintiff Alice Swoyer ("Plaintiff") is an individual and citizen of New Jersey. Plaintiff currently resides in Haddonfield, New Jersey.

1

2.     Defendant Thomas Jefferson University ("Defendant" or "Jefferson") is a private university organized under the laws of Pennsylvania. Jefferson maintains its headquarters and/or a principal place of business at 11ᵗʰ and Walnut Street, Philadelphia, PA 19107.

3.     Jefferson is engaged in an industry affecting interstate commerce and regularly does business in Pennsylvania.

4.     At all times material to this action, Jefferson was an employer within the meaning of the ADA, PHRA, PFPO, and FMLA.

5.     At all times material to this action, Plaintiff was an employee of Jefferson within the meaning of the ADA, PHRA, PFPO, and FMLA.

6.     At all times material to this action, Jefferson acted by and through its authorized agents or employees acting within the course and scope of their employment with Jefferson.

## III.   **JURISDICTION AND VENUE**

7.     The causes of action set forth in this Complaint arise under the ADA, 42 U.S.C. §12101, *et seq.* (Count I-II); the PHRA, 43 P.S. §951, *et seq.* (Counts III-IV); the PFPO, Phila. Code §9-1100, *et seq.* (Counts V-VI); and the FMLA, 29 U.S.C. § 2601 *et seq.* (Count VII).

8.     The District Court has subject matter jurisdiction over Counts I-II (ADA) and Count VII (FMLA) pursuant to 28 U.S.C. §1331.

9.     The District Court has supplemental jurisdiction over Counts III-IV (PHRA) and Counts V-VI (PFPO) pursuant to 28 U.S.C. §1367.

10.     Jefferson is subject to the personal jurisdiction of this Court because, among other things, the case arises out of or relates to the contacts of Jefferson with Pennsylvania, and those contacts are continuous and systematic such that Jefferson is at home in Pennsylvania.

11.     Venue is proper under 28 U.S.C. § 1391(b).

12.     On or about July 15, 2021, Plaintiff dual filed a Charge of Discrimination with the Equal Employment Opportunity Commission ("EEOC") and the Pennsylvania Human Relations Commission ("PHRC"), complaining of the acts of discrimination and retaliation alleged below. Attached, incorporated herein, and marked as Exhibit "1" is a true and correct copy of the EEOC Charge of Discrimination, with minor redactions for purposes of electronic filing of confidential and personal identifying information.

13.     On or about July 21, 2021, the EEOC issued to Plaintiff a Dismissal and Notice of Right to Sue. Attached and marked as Exhibit "2" is a true and correct copy of that Notice, with minor redactions for purposes of electronic filing of confidential and personal identifying information.

14.     Plaintiff has complied with all administrative requirements for the institution of this civil action.

## IV.     FACTUAL ALLEGATIONS SUPPORTING CLAIMS

15.     Plaintiff was employed by Jefferson from on or about December 7, 1997 until on or about April 30, 2021, the date of her termination.

16.     Plaintiff's last position with Jefferson was Practice Operations Manager for the internal medicine department.

17.      At all times material to this action, Plaintiff reported directly to Pamela Yong ("Yong"), Associate Administrator. Yong reported to Denise Montgomery ("Montgomery"), Chief Administrative Officer.

18.     During Plaintiff's 24-year career with Jefferson, she was a dedicated, hard-working employee who performed her job duties in an exceptional manner.

19.     In or about February 2018, Plaintiff was diagnosed with alcoholism.

20.     On or about February 21, 2018, Plaintiff commenced a medical leave of absence pursuant to the FMLA to pursue treatment for her alcoholism.

21.     Plaintiff's request for FMLA leave constituted a request for a reasonable accommodation under the ADA, PHRA, and PFPO.

22.     During Plaintiff's FMLA-authorized leave of absence, Plaintiff participated in inpatient and outpatient programs at the Mirmont Treatment Center to treat her alcoholism. Plaintiff also attended meetings with Alcoholics Anonymous during her FMLA leave.

23.     Plaintiff returned to work from her FMLA-authorized leave of absence on April 3, 2018.

24.     Following Plaintiff's return to work from FMLA leave, Yong began to treat Plaintiff in a hostile, intimidating, and dismissive manner. For example, on April 4, 2018, Yong yelled berated Plaintiff, unjustly criticized Plaintiff's performance, and blamed Plaintiff for work-related issues that occurred during her FMLA leave of absence.

25.     Following Plaintiff's return to work from FMLA leave, Yong treated Plaintiff differently and worse than how she treated non-disabled employees who had not requested FMLA leave and/or sought a reasonable accommodation for a disability.

26.     Following Plaintiff's return to work from FMLA leave, Yong held Plaintiff to a more stringent performance standard than non-disabled employees who had not requested FMLA leave and/or sought a reasonable accommodation for a disability.

27.     On or about November 27, 2019, during a meeting with Yong and Misty McCloskey ("McCloskey"), Human Resources Business Partner, Plaintiff complained about how Yong had targeted and subjected her to a hostile work environment since returning from medical

leave. Plaintiff expressed her belief that Yong's conduct was retaliation for taking an FMLA-authorized leave of absence.

28.     Jefferson—to Plaintiff's knowledge—failed to investigate Plaintiff's complaint against Yong and failed to take corrective or remedial measures to cause Yong's conduct towards Plaintiff to cease.

29.     On or about January 8, 2020, Yong issued Plaintiff a substandard annual performance review.

30.     Plaintiff's performance did not warrant a substandard annual review.

31.     Upon information and belief, Yong did not issue substandard annual review ratings to similarly situated non-disabled employees and/or similarly situated employees who had not requested a reasonable accommodation for a disability in the form of FMLA leave.

32.     On January 17, 2020, Plaintiff emailed McCloskey the following:

> "I have given more thought to our meeting on 11/27/19 and just wanted to follow up with you. Upon further reflection, I want to make sure I was clear on a few key points. I believe that upon my return from leave (about 22 months ago) [Yong's] treatment of me changed. Persistent harassment and bullying tactics became the norm. I am not the only one here who feels that the environment turned toxic. It has left me wondering whether my leave and the reason for it, could be part of the treatment . . . I know the rights afforded to me under the law governing leave . . . After 22 years in this department it pains me that this has come to pass."

33.     On January 21, 2020, in an email from McCloskey, she stated she was "very concerned" that Plaintiff felt "harassed and bullyed [sic] in response to [Plaintiff's] leave of absence."

34.     Despite McCloskey's stated concerns, Jefferson—to Plaintiff's knowledge—failed to investigate Plaintiff's complaint and failed to take corrective or remedial measures to cause Yong's conduct towards Plaintiff to cease.

35.     On or about November 3, 2020, during a department meeting that included Yong, Plaintiff informed Yong that she needed surgery to remove a tumor in her thigh, and that the surgery would require her to take another medical leave of absence under the FMLA.

36.     Plaintiff further informed Yong that she intended to commence her FMLA leave on November 16, 2020, the date of her surgery, and that she expected to be out of work for a two-to-three-week period barring any unanticipated complications.

37.     Two days later, on November 5, 2020, Yong and Montgomery placed Plaintiff on a Performance Improvement Plan ("PIP") with a scheduled duration of 90 days.

38.     Plaintiff's performance did not warrant a PIP.

39.     On or about November 16, 2020, Plaintiff underwent surgery to remove the tumor in her thigh. Plaintiff commenced an FMLA-authorized leave of absence on the same day.

40.     On or about November 30, 2020, Plaintiff informed Yong that she needed to extend her FMLA-authorized leave of absence due to complications arising from her surgery.

41.     Plaintiff ultimately remained out of work on FMLA leave until January 10, 2021.

42.     Following Plaintiff's return to work, Yong intensified her campaign of discrimination and retaliation against Plaintiff.

43.     For example, following Plaintiff's return to work, Yong piled an unsustainable amount of work on Plaintiff and imposed unreasonable deadlines on completing that work. Yong also refused to provide Plaintiff assistance in completing the assigned tasks despite Plaintiff's request for the same.

44.     On or about April 12, 2021, Plaintiff's 90-day PIP concluded.

45.     On or about April 30, 2021, in a meeting with Yong and McCloskey, Jefferson terminated Plaintiff's employment.

46.     Jefferson's stated reason for Plaintiff's termination was that she had failed to sufficiently improve her performance under the PIP.

47.     Jefferson's stated reason for Plaintiff's termination is a pretext for unlawful discrimination and retaliation.

48.     Upon information and belief, Jefferson reassigned Plaintiff's job duties to a non-disabled employee and/or an employee who had not sought reasonable accommodations for a disability in the form of FMLA leave and/or an employee who had not complained about unlawful retaliation.

49.     At all material times hereto, Plaintiff was disabled, and/or had a record of a disability, and/or was regarded as being disabled, within the meaning of the ADA, the PHRA, and the PFPO.

50.     Plaintiff's disability, including her record of disability and Jefferson's regarding her as having a disability, was a motivating and/or determinative factor in connection with Jefferson's discriminatory treatment of Plaintiff, including, but not limited to, the termination of Plaintiff's employment.

51.      Plaintiff's requests for accommodation were a motivating and/or determinative factor in connection with Jefferson's discriminatory and retaliatory treatment of her, including, but not limited to, the termination of Plaintiff's employment.

52.     Plaintiff's complaining about being retaliated against for taking FMLA-authorized leave was a motivating and/or determinative factor in Jefferson's discriminatory and retaliatory treatment of Plaintiff, including, but not limited to, the termination of Plaintiff's employment

53.     Plaintiff's use of FMLA-protected leave was a motivating and/or determinative factor in Jefferson's discriminatory and retaliatory treatment of Plaintiff, including the termination of Plaintiff's employment.

54.     As a direct and proximate result of Jefferson's discriminatory and retaliatory conduct, Plaintiff has incurred a loss of earnings and/or earning capacity, loss of benefits, pain and suffering, embarrassment, humiliation, loss of self-esteem, mental anguish, and loss of life's pleasures, the full extent of which is not known at this time.

**COUNT I – ADA**
**(Disparate Treatment)**
**Plaintiff v. Defendant**

55.     Plaintiff incorporates the foregoing allegations of this Complaint as if set forth herein in their entirety.

56.     Plaintiff's disability was a motivating and/or determinative factor in connection with Jefferson's discriminatory treatment of her.

57.     By committing the foregoing acts of discrimination against Plaintiff, including, without limitation, terminating her employment, Jefferson has violated the ADA.

58.     As a direct and proximate result of Jefferson's violation of the ADA, Plaintiff has suffered the damages and losses set forth herein and has incurred attorneys' fees and costs.

59.     Plaintiff is now suffering and will continue to suffer irreparable injury and monetary damages as a result of Jefferson's discriminatory acts unless and until this Court grants the relief requested herein.

60.     Jefferson acted intentionally, and with malice and/or reckless indifference to Plaintiff's rights, and its conduct warrants the imposition of punitive damages.

**COUNT II – ADA**
**(Retaliation)**
**Plaintiff v. Defendant**

61.     Plaintiff incorporates the foregoing allegations of this Complaint as if set forth herein in their entirety.

62.     Plaintiff's requests for accommodation were a motivating and/or determinative factor in connection with Jefferson's retaliatory treatment of her.

63.     Plaintiff's complaining about being retaliated against for requesting reasonable accommodations was a motivating and/or determinative factor in Jefferson's retaliatory treatment of her.

64.     By committing the foregoing acts of retaliation against Plaintiff, including, without limitation, terminating her employment, Jefferson has violated the ADA.

65.     As a direct and proximate result of Jefferson's violation of the ADA, Plaintiff has suffered the damages and losses set forth herein and has incurred attorneys' fees and costs.

66.      Plaintiff is now suffering and will continue to suffer irreparable injury and monetary damages as a result of Jefferson's retaliatory acts unless and until this Court grants the relief requested herein.

67.     Jefferson acted intentionally, and with malice and/or reckless indifference to Plaintiff's rights, and its conduct warrants the imposition of punitive damages.

**COUNT III - PHRA**
**(Disparate Treatment)**
**Plaintiff v. Defendant**

68.     Plaintiff incorporates the foregoing allegations of this Complaint as if set forth herein in their entirety.

69.     Plaintiff's disability was a motivating and/or determinative factor in connection with Jefferson's discriminatory treatment of her.

70.     By committing the foregoing acts of discrimination against Plaintiff, including, without limitation, terminating her employment, Jefferson has violated the PHRA.

71.     As a direct and proximate result of Jefferson's violation of the PHRA, Plaintiff has suffered the damages and losses set forth herein and has incurred attorneys' fees and costs.

72.     Plaintiff is now suffering and will continue to suffer irreparable injury and monetary damages as a result of Jefferson's discriminatory acts unless and until this Court grants the relief requested herein.

**COUNT IV - PHRA**
**(Retaliation)**
**Plaintiff v. Defendant**

73.     Plaintiff incorporates the foregoing allegations of this Complaint as if set forth herein in their entirety.

74.     Plaintiff's requests for accommodation were a motivating and/or determinative factor in connection with Jefferson's retaliatory treatment of her.

75.     Plaintiff's complaining about being retaliated against for requesting reasonable accommodations was a motivating and/or determinative factor in Jefferson's retaliatory treatment of her.

76.     By committing the foregoing acts of retaliation against Plaintiff, including, without limitation, terminating her employment, Jefferson has violated the PHRA.

77.     As a direct and proximate result of Jefferson's violation of the PHRA, Plaintiff has suffered the damages and losses set forth herein and has incurred attorneys' fees and costs.

78.    Plaintiff is now suffering and will continue to suffer irreparable injury and monetary damages as a result of Jefferson's retaliatory acts unless and until this Court grants the relief requested herein.

### COUNT V - PFPO
**Plaintiff v. Defendant**
**(Disparate Treatment)**

79.    Plaintiff incorporates the foregoing allegations of this Complaint as if set forth herein in their entirety.

80.    Plaintiff's disability was a motivating and/or determinative factor in connection with Jefferson's discriminatory treatment of her.

81.    By committing the foregoing acts of discrimination against Plaintiff, including, without limitation, terminating her employment, Jefferson has violated the PFPO.

82.    As a direct and proximate result of Jefferson's violation of the PFPO, Plaintiff has suffered the damages and losses set forth herein and has incurred attorneys' fees and costs.

83.    Plaintiff is now suffering and will continue to suffer irreparable injury and monetary damages as a result of Jefferson's discriminatory acts unless and until this Court grants the relief requested herein.

84.    Jefferson acted intentionally, and with malice and/or reckless indifference to Plaintiff's rights, and its conduct warrants the imposition of punitive damages.

### COUNT VI - PFPO
**Plaintiff v. Defendant**
**(Retaliation)**

85.    Plaintiff incorporates the foregoing allegations of this Complaint as if set forth herein in their entirety.

86.     Plaintiff's requests for accommodation were a motivating and/or determinative factor in connection with Jefferson's retaliatory treatment of her.

87.     Plaintiff's complaining about being retaliated against for requesting reasonable accommodations was a motivating and/or determinative factor in Jefferson's retaliatory treatment of her.

88.     By committing the foregoing acts of retaliation against Plaintiff, including, without limitation, terminating her employment, Jefferson has violated the PFPO.

89.     As a direct and proximate result of Jefferson's violation of the PFPO, Plaintiff has suffered the damages and losses set forth herein and has incurred attorneys' fees and costs.

90.      Plaintiff is now suffering and will continue to suffer irreparable injury and monetary damages as a result of Jefferson's retaliatory acts unless and until this Court grants the relief requested herein.

91.     Jefferson acted intentionally, and with malice and/or reckless indifference to Plaintiff's rights, and its conduct warrants the imposition of punitive damages.

**COUNT VII - FMLA**
**Plaintiff v. Defendant**
**(Retaliation)**

92.     Plaintiff incorporates the paragraphs above as if set forth herein in their entirety.

93.     By committing the foregoing acts of retaliation based on Plaintiff's use of FMLA-protected leave, including, without limitation, terminating Plaintiff's employment, Jefferson has violated the FMLA.

94.     Jefferson knew and/or showed reckless disregard as to whether the foregoing acts were in violation of the FMLA, thereby warranting the imposition of liquidated damages.

95.     As a direct and proximate result of Jefferson's violation of the FMLA, Plaintiff has suffered damages and losses set forth herein and has incurred attorneys' fees and costs.

96.     Plaintiff is now suffering and will continue to suffer irreparable injury and monetary damages as a result of Jefferson's violations of the FMLA unless and until this Court grants the relief requested herein.

## PRAYER FOR RELIEF

**WHEREFORE**, Plaintiff Alice Swoyer seeks damages and legal and equitable relief in connection with Defendant Thomas Jefferson University's unlawful conduct, and specifically requests that this Court grant her the following relief by:

(a)     declaring the acts and practices complained of herein to be in violation of the ADA;

(b)     declaring the acts and practices complained of herein to be in violation of the PHRA;

(c)     declaring the acts and practices complained of herein to be in violation of the PFPO;

(d)     declaring the acts and practices complained of herein to be in violation of the FMLA;

(e)     enjoining and permanently restraining the violations alleged herein;

(f)     entering judgment against Defendant and in favor of Plaintiff in an amount to be determined;

(g)     awarding compensatory damages to make Plaintiff whole for all lost earnings, earning capacity and benefits, past and future, which Plaintiff has suffered or may suffer as a result of Defendant's unlawful conduct;

(h)     awarding compensatory damages to Plaintiff for past and future pain and suffering, emotional upset, mental anguish, humiliation, and loss of life's pleasures, which Plaintiff has

suffered or may suffer as a result of Defendant's unlawful conduct;

(i)     awarding punitive damages to Plaintiff;

(j)     awarding liquidated damages to Plaintiff under the FMLA;

(k)     awarding Plaintiff such other damages as are appropriate under the ADA, the PHRA, the PFPO, and the FMLA;

(l)     awarding Plaintiff the costs of suit, expert fees and other disbursements, and reasonable attorneys' fees; and

(m)    granting such other and further relief as this Court may deem just, proper, or equitable including other equitable and injunctive relief providing restitution for past violations and preventing future violations.

## JURY TRIAL DEMAND

Plaintiff demands a trial by jury on each of the Counts in this Complaint.

CONSOLE MATTIACCI LAW LLC

/s/ Brian C. Farrell
Brian C. Farrell, Esquire
Console Mattiacci Law LLC
1525 Locust Street, Ninth Floor
Philadelphia, PA 19102
(215) 545-7676
farrell@consolelaw.com
Date: October 19, 2021           Attorney for Plaintiff, Alice Swoyer

# Exhibit "1"

| CHARGE OF DISCRIMINATION | | AGENCY<br>Q FEPA<br>X EEOC | CHARGE NUMBER |
|---|---|---|---|
| This form is affected by the Privacy Act of 1974; See privacy statement before consolidating this form. | | | |

| STATE OR LOCAL AGENCY: <u>Pennsylvania Human Relations Commission;</u><br><u>Philadelphia Commission on Human Relations</u> | | |
|---|---|---|

| NAME (Indicate Mr., **Ms.**, Mrs.)<br>**Alice Swoyer** | HOME TELEPHONE NUMBER *(Include Area Code)*<br>███ ███ |
|---|---|

| STREET ADDRESS<br>██████ | CITY, STATE AND ZIP<br>Haddenfield, NJ 08033 | DATE OF BIRTH<br>████ |
|---|---|---|

NAMED IS THE EMPLOYER, LABOR ORGANIZATION, EMPLOYMENT AGENCY, APPRENTICESHIP, COMMITTEE, STATE OF LOCAL GOVERNMENT WHO DISCRIMINATED AGAINST ME (If more than one than list below)

| NAME<br>**Jefferson Internal Medicine;**<br>**Thomas Jefferson University** | NUMBER OF EMPLOYEES, MEMBERS<br>> 20 | TELEPHONE (Include Area Code)<br>(215) 955-6180 |
|---|---|---|

| STREET ADDRESS<br>833 Chestnut Street, 7th Floor, Suite 701 | CITY, STATE AND ZIP<br>Philadelphia, PA 19107 | COUNTY<br>Philadelphia |
|---|---|---|

| CAUSE OF DISCRIMINATION *(Check appropriate box(es))*<br>Q Race   Q Color   Q Sex   Q Religion   Q National Origin<br>**X** Retaliation   Q Age   **X** Disability   Q Other *(Specify)* | DATE DISCRIMINATION TOOK PLACE<br>*Earliest*          *Latest*  04/30/2021 |
|---|---|

**The Particulars Are:**

A.    1.       Relevant Work History

I was hired by Respondents on or about December 7, 1997.  I last held the position of Practice Operations Manager.  I last reported to Pamela Yong, Associate Administrator of Internal Medicine.  Yong reported to Denise Montgomery, Chief Administrative Officer of the Department of Medicine.

Respondents placed me on a Performance Improvement Plan ("PIP"), subjected me to a hostile work environment, and terminated my employment because of my disability, my medical leaves of absence as accommodations for my disability, and my complaints that I was being retaliated against for having taken a medical leave of absence for my disability.  Respondents retained, in positions for which I was more qualified, nondisabled[a] employees and/or employees who had not sought reasonable accommodations[b] for a disability and/or employees who had not engaged in protected activity.

I consistently demonstrated positive performance and dedication to Respondents.  I performed my duties in a highly-competent manner.

| **X** I want this charge filed with both the EEOC and the State or local Agency, if any.  I will advise the agencies if I change my address or telephone number and cooperate fully with them in the processing of my charge in accordance with their procedures | NOTARY - (when necessary for State and Local Requirements) |
|---|---|
| I declare under penalty or perjury that the foregoing is true and correct. | I swear of affirm that I have read the above charge and that it is true to the best of my knowledge information and belief. |

| Date:<br>7/15/2021 | Charging Party *(Signature)*:<br>*[signature]* | SIGNATURE OF COMPLAINANT<br><br>SUBSCRIBED AND SWORN TO BEFORE ME THIS DATE<br>(Day Month, and year) |
|---|---|---|

[a] References herein to a person not having a disability are all to the best of my knowledge.
[b] References herein to a person not having sought reasonable accommodations or taken a medical leave of absence are all to the best of my knowledge.



**EEOC Charge of Discrimination**
**Initials of Charging Party –**

2.     Harm Summary

I have been discriminated against because of my disability (including history of and regarded as), and retaliated against because of my seeking reasonable accommodations for my disability, including taking medical leaves of absence, and my complaints of being retaliated against for having taken a medical leave of absence. Evidence of the discriminatory and retaliatory conduct to which I have been subjected includes, but is not limited to, the following:

(a)   In or about May 2016, I began reporting to Yong.

(b)   Yong had no role in my being hired at Respondents.

(c)   I was the only disabled employee and only employee who had sought reasonable accommodations for a disability reporting to Yong.

(d)   On or about February 21, 2018, I was diagnosed with alcoholism.

(e)   On February 21, 2018, I went out of work on a medical leave of absence for my disability.

(f)   From February 21, 2018 to April 3, 2018, I was out of work on a medical leave of absence for my disability. I participated in an inpatient program at Mirmont Treatment Center for my alcoholism, attended daily Alcoholics Anonymous meetings, and participated in an intensive outpatient program.

(g)   On April 3, 2018, I returned to work from my medical leave of absence for my disability.

(h)   On April 4, 2018, in a meeting with Ellen O'Connor, MD, Director of Jefferson University Health, and Elizabeth Fahncke, Human Resources, I was told that I had to sign a document stating that I was being honest as to the reason I was out on FMLA leave, and that I would agree to monthly random drug and alcohol tests to prove that I was maintaining my sobriety. I complied with the same.

(i)   On April 4, 2018, in a meeting with Yong, she yelled at me, berated me, blamed me for things that happened at work while I was out on FMLA medical leave, and unjustly criticized my performance.

(j)   Following my return to work, I was treated differently and worse than how nondisabled employees and/or employees who had not sought reasonable accommodations or taken medical leaves of absence were treated.

(k)   Yong held me to a more stringent standard than nondisabled employees and/or employees who had not sought reasonable accommodations or taken medical leaves of absence for a disability were held.

(l)   Yong unjustly criticized my performance.

(m)   Yong yelled at me for not completing a project that I had already completed.

(n)   On or about November 27, 2019, in a meeting with Yong and Misty McCloskey, Human Resources Business Partner, I complained that, since I returned from my FMLA medical leave of absence, I had been subjected to a hostile work environment by Yong, and it felt like retaliation for being out on medical leave unexpectedly.

(o)   On January 8, 2020, I was given an unfair performance review and a Requires

2



Development rating from Yong.  My performance did not warrant an unfair performance review or a Requires Development rating.

(p) Respondents gave me an unfair performance review because of my disability and/or my seeking reasonable accommodations for my disability and/or my medical leaves of absence and/or my complaints of being retaliated against for having taken a medical leave of absence.

(q) I was, to my knowledge and belief, the only employee reporting to Yong who was given an unfair performance review on January 8, 2020.

(r) Nondisabled employees and/or employees who had not sought reasonable accommodations or taken medical leaves of absence for a disability or complained of being retaliated against for having taken a medical leave of absence were not given an unfair performance review.

(s) On January 17, 2020, in an email to McCloskey, I stated the following: "I have given more thought to our meeting on 11/27/19 and just wanted to follow up with you. Upon further reflection, I want to make sure I was clear on a few key points. I believe that upon my return from leave (about 22 months ago) Pam's treatment of me changed. Persistent harassment and bullying tactics became the norm. I am not the only one here who feels that the environment turned toxic. It has left me wondering whether my leave and the reason for it, could be a part of the treatment. . . . I know the rights afforded to me under the law governing leave. . . . After 22 years in this department it pains me that this has come to pass."

(t) On January 21, 2020, in an email from McCloskey, she stated that she was "very concerned" that I felt "harassed and bullied [sic] in response to [my] leave of absence."

(u) On February 14, 2020, in a meeting with Yong and Montgomery, they unjustly criticized my performance.

(v) On November 3, 2020, in a department meeting that included Yong, I informed Respondents that I needed to undergo surgery to remove a tumor in my thigh, which would require me to take a medical leave of absence.  I stated that my FMLA protected medical leave would begin on November 16, 2020, the day of my surgery, and that I expected to be on medical leave for approximately two (2) to three (3) weeks, barring any complications.

(w) On November 5, 2020, in a meeting with Yong and Montgomery, Respondents placed me on a Performance Improvement Plan ("PIP").  My performance did not warrant a PIP.  The PIP was scheduled to last ninety (90) days.

(x) Respondents placed me on a PIP because of my disability and/or my seeking reasonable accommodations for my disability and/or my medical leaves of absence and/or my anticipated medical leaves of absence and/or my complaints of being retaliated against for having taken a medical leave of absence.

(y) I was, to my knowledge and belief, the only employee reporting to Yong who was placed on a PIP on November 5, 2020.

(z) Nondisabled employees and/or employees who had not sought reasonable accommodations or taken medical leaves of absence for a disability or anticipated medical leaves absence or complained of being retaliated against for having taken a medical leave of absence were not placed on a PIP.



(aa) On November 16, 2020, I went out of work on a medical leave of absence for my disability.

(bb) On November 30, 2020, I informed Yong that, due to surgery complications, I needed to remain on medical leave longer than expected, and that my FMLA leave had been extended.

(cc) From November 16, 2020 to January 10, 2021, I was out of work on a medical leave of absence for my disability.

(dd) On January 10, 2021, I returned to work from my medical leave of absence for my disability.

(ee) Following my return to work, I was treated differently and worse than how younger and/or nondisabled employees and/or employees who had not sought reasonable accommodations or taken medical leaves of absence or complained of retaliation for having taken a medical leave of absence were treated.

(ff) Yong unjustly criticized my performance.

(gg) Yong piled on me additional work that was unfeasible to complete in the timeframes provided.

(hh) Despite my requests, Yong refused to provide me with assistance.

(ii) On April 12, 2021, my PIP ended.

(jj) On April 30, 2021, in a meeting with Yong and McCloskey, Respondents terminated my employment, effective May 3, 2021.  The stated reason was that I failed to succeed with the PIP.  I received no documents in connection with my termination.

(kk) Respondents terminated my employment because of my disability and/or my seeking reasonable accommodations for my disability and/or my medical leaves of absence for my disability and/or my complaints of being retaliated against for having taken a medical leave of absence.

(ll) I was, to my knowledge and belief, the only employee that Respondents terminated on April 30, 2021.

(mm)   Respondents retained all nondisabled employees and/or employees who had not sought reasonable accommodations for a disability and/or employees who had not engaged in protected activity when I was terminated.

(nn) At the time of my termination, in addition to me, the following employees reported to Yong.  I was qualified to perform Kleba's and Cassidy's positions.

      a.   Sarah Kleba, Nurse Manager;
      b.   Alissa Cassidy, Master Scheduler and Administrative Assistant;
      c.   Sheree Grindraw, Biller;
      d.   Pazavor Clack, Certified Biller.

(oo) Before I took medical leaves of absence, notified Respondents of my disability and need for medical leaves of absence, and complained of being retaliated against for having taken a medical leave of absence, I had no indication that my work performance was not satisfactory.

(pp) Before I took medical leaves of absence, notified Respondents of my disability and

4



**EEOC Charge of Discrimination**
**Initials of Charging Party –**

need for medical leaves of absence, and complained of being retaliated against for having taken a medical leave of absence, I had no indication that my job was in jeopardy.

(qq) Respondents assigned a portion of my job duties and responsibilities to Catherine Dingler, Patient Care Coordinator.  I was more qualified to perform my position than the nondisabled employee who had not sought reasonable accommodations for a disability or taken medical leaves of absence or engaged in protected activity to whom my duties and responsibilities were assigned.

(rr) Respondents' disability discriminatory and retaliatory conduct has caused me emotional distress.

(ss) Respondents did not target or treat in the same way similarly situated nondisabled employees and/or employees who did not take medical leaves of absence or seek reasonable accommodations for a disability or complain of being retaliated against for having taken a medical leave of absence.

'B.  1.  **Respondents' Stated Reasons**

(a)  Respondents' stated reason for terminating my employment, that I failed to succeed with the PIP, is pretext for disability discrimination and/or retaliation for seeking reasonable accommodations for my disability and/or taking medical leaves of absence and/or my complaints of being retaliated against for having taken a medical leave of absence.

(b)  Respondents have provided no explanation for subjecting me to a hostile work environment because of my disability and/or my seeking reasonable accommodations for my disability and/or taking medical leaves of absence and/or my complaints of being retaliated against for having taken a medical leave of absence.

(c)  Respondents have provided no explanation for failing to remedy or prevent the disability discrimination and retaliation against me.

C.  1.  **Statutes and Bases for Allegations**

I believe that Respondents have discriminated against me based on my disability (including history of and regarded as), and retaliated against me based on my seeking reasonable accommodations for my disability, including taking medical leaves of absence for my disability, and my complaints of being retaliated against for having taken a medical leave of absence, in violation of the Americans with Disabilities Act, as amended, 42 U.S.C. § 12101, *et seq.* ("ADA"), the Pennsylvania Human Relations Act, as amended, 43 P.S. § 951, *et seq.* ("PHRA"), and the Philadelphia Fair Practices Ordinance, Phila. Code § 9-1101, et seq. ("PFPO"), as set forth herein.

**EEOC Charge of Discrimination**
**Initials of Charging Party —**

INFORMATION FOR COMPLAINANTS & ELECTION OPTION
TO DUAL FILE WITH THE
PENNSYLVANIA HUMAN RELATIONS COMMISSION

### Alice Swoyer v. Jefferson Internal Medicine; Thomas Jefferson University

EEOC No. _____

You have the right to file this charge of discrimination with the Pennsylvania Human Relations Commission (PHRC) under the Pennsylvania Human Relations Act. Filing your charge with PHRC   protects your state rights, especially since there may be circumstances in which state and federal laws   and procedures vary in a manner which would affect the outcome of your case.

Complaints filed with the PHRC must be filed within 180 days of the act(s) which you believe are   unlawful discrimination. If PHRC determines that your PHRC complaint is untimely, it will be   dismissed.

If you want your charge filed with the PHRC, including this form as part of your EEOC charge, with   your signature under the verification below, will constitute filing with the PHRC. You have chosen   EEOC to investigate your complaint, so PHRC will not investigate it and, in most cases, will accept   EEOC's finding. If you disagree with PHRC's adoption of EEOC's finding, you will have the chance to   file a request for preliminary hearing with PHRC.

Since you have chosen to file your charge first with EEOC, making it the primary investigatory agency,   the Respondent will not be required to file an answer with PHRC, and no other action with PHRC is   required by either party, unless/until otherwise notified by PHRC.

If your case is still pending with PHRC after one year from filing with PHRC, you have the right to file   your complaint in state court. PHRC will inform you of these rights and obligations at that time.

**[Sign and date appropriate request below]**

  X   I want my charge filed with PHRC. I hereby incorporate this form and the verification below into the attached EEOC complaint form and file it as my PHRC complaint. I request EEOC to transmit it to PHRC.

  X   *I understand that false statements in this complaint are made subject to the penalties of* 18   *Pa.C.S. §4904, relating to unsworn falsification to authorities.*

X     *Alice M Swoyer* 7/15/21
                        Signature and Date

_____   I do not want my charge dual filed with PHRC

                        _____
                        Signature and Date

6

# Exhibit "2"

EEOC Form 161 (11/2020)

## U.S. EQUAL EMPLOYMENT OPPORTUNITY COMMISSION

### DISMISSAL AND NOTICE OF RIGHTS

To: **Alice Swover**

From: **Philadelphia District Office**
**801 Market Street**
**Suite 1000**
**Philadelphia, PA 19107**

[ ] On behalf of person(s) aggrieved whose identity is
CONFIDENTIAL (29 CFR §1601.7(a))

| EEOC Charge No. | EEOC Representative | Telephone No. |
|---|---|---|
| **530-2021-04184** | **Legal Unit,**<br>**Legal Technician** | **(267) 589-9707** |

### THE EEOC IS CLOSING ITS FILE ON THIS CHARGE FOR THE FOLLOWING REASON:

[ ] The facts alleged in the charge fail to state a claim under any of the statutes enforced by the EEOC.

[ ] Your allegations did not involve a disability as defined by the Americans With Disabilities Act.

[ ] The Respondent employs less than the required number of employees or is not otherwise covered by the statutes.

[ ] Your charge was not timely filed with EEOC; in other words, you waited too long after the date(s) of the alleged discrimination to file your charge

[X] The EEOC issues the following determination: The EEOC will not proceed further with its investigation, and makes no determination about whether further investigation would establish violations of the statute. This does not mean the claims have no merit. This determination does not certify that the respondent is in compliance with the statutes. The EEOC makes no finding as to the merits of any other issues that might be construed as having been raised by this charge.

[ ] The EEOC has adopted the findings of the state or local fair employment practices agency that investigated this charge.

[ ] Other (briefly state)

### - NOTICE OF SUIT RIGHTS -

(See the additional information attached to this form.)

**Title VII, the Americans with Disabilities Act, the Genetic Information Nondiscrimination Act, or the Age Discrimination in Employment Act:** This will be the only notice of dismissal and of your right to sue that we will send you. You may file a lawsuit against the respondent(s) under federal law based on this charge in federal or state court. Your lawsuit **must be filed WITHIN 90 DAYS of your receipt of this notice**; or your right to sue based on this charge will be lost. (The time limit for filing suit based on a claim under state law may be different.)

**Equal Pay Act (EPA):** EPA suits must be filed in federal or state court within 2 years (3 years for willful violations) of the alleged EPA underpayment. This means that **backpay due for any violations that occurred more than 2 years (3 years) before you file suit may not be collectible.**

On behalf of the Commission

*Dana R. Hutter*

07/21/2021

Enclosures(s)

**Dana R. Hutter,**
**Deputy Director**

(Date Issued)

cc:
**Robert J. Toy, Esq.**
**Senior Legal Counsel - Office of Legal Affairs**
**THOMAS JEFFERSON UNIVERSITY AND**
**JEFFERSON HEALTH**
**834 Chestnut Street, Suite 400**
**Philadelphia, PA 19107**

**Emily R. Derstine Friesen, Esq.**
**CONSOLE MATTIACCI LAW, LLC**
**1525 Locust Street, 9th Floor**
**Philadelphia, PA 19102**